# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

DOROTHY KELLY                              CIVIL ACTION NO. 16-0996

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

CIRCLE K STORES, INC. and                  MAGISTRATE JUDGE HORNSBY
XYZ INSURANCE COMPANY

## MEMORANDUM RULING

Before the Court is Defendant Circle K Stores, Inc.'s ("Circle K") "Motion for Summary Judgment" (Record Document 14) seeking to dismiss with prejudice all claims asserted by Plaintiff Dorothy Kelly ("Kelly"). For the reasons stated herein, Circle K's Motion is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Kelly was a customer at the Circle K store located at 4250 Greenwood Road in Shreveport, Louisiana, on June 21, 2015. See Record Document 1-4 at 1. Kelly is wheelchair bound and has been for the last four years due to the amputation of her right leg. See Record Document 14-5 at 12. Her wheelchair is motorized and operated by a knob on the right side, directing it to move forward, backward, and side to side. See id. at 19-20. On the date of the incident, Kelly visited the Circle K store alone. See id. at 19. When she arrived, another patron arrived at the same time. The patron pulled both doors open[1] and held them as Kelly wheeled herself into the store without any problems. See id. at 20-22. Upon her entry, Kelly noted that sufficient room existed for her wheelchair to fit through the threshold and found nothing unusual about the doors, stating they worked

---

[1] In her petition, Kelly alleged only one door was open. See Record Document 1 at 1. However, this allegation was not corroborated by her own deposition testimony.

as she expected them to work. See id. at 22. There was no barrier, divider, or pole between the two doors. See id. at 24. Rather, if both doors were open, a person could go straight through the middle of them. See id. She had seen doors like this during visits to other stores. See id. at 26. While in the store, Kelly maneuvered through the aisles, selected a drink, and paid for it without any assistance. See id. at 23.

As she was exiting, the same gentleman patron who held the doors open for her entry assisted her on her exit. See id. at 26. This time the patron pushed both doors open, holding both doors open outside of the store. See id. at 26-27. Admittedly, on her exit, Kelly got so close to the left side of the doorway that her footrest struck the wall where it meets the door. See id. at 32. As a result, Kelly's left leg got "caught up" behind the doors, breaking her leg and damaging her wheelchair footrest. See id. at 27-30, 39.

Kelly agreed that no component of the door prevented her from going out closer to the middle or closer to the right side so that she was not up next to the left wall. See id. at 32. Nor could she identify anything about the door that was not working properly. See id. at 34. The patron was still present and holding the doors open when the incident occurred. See id. at 36. At all relevant times, Kelly did not ask Circle K personnel for any assistance. See id. at 55.

Kelly filed this lawsuit on June 20, 2016, in the First Judicial District Court of Louisiana, Caddo Parish. See Record Document 1-4. Circle K properly removed the action to this Court on July 7, 2016. See Record Document 1. On February 9, 2017, Circle K filed the instant Motion for Summary Judgment seeking to dismiss all of Kelly's claims.

Record Document 14. Kelly filed her opposition memorandum on February 26, 2017,[2] to which Circle K replied. <u>See</u> Record Documents 18 and 19.

## LAW AND ANALYSIS

### I.    Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] <u>Quality Infusion Care, Inc. v. Health Care Serv. Corp.</u>, 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[ (a) ] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Patrick v. Ridge</u>, 394 F.3d 311, 315 (5th Cir. 2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. <u>See</u> <u>Tubacex, Inc. v. M/V Risan</u>, 45 F.3d 951, 954 (5th Cir. 1995).

---

[2] Kelly had fourteen days to file her memorandum in opposition beginning on February 9, 2017. <u>See</u> Record Document 15. She filed her opposition on February 26, 2017, three days late. The Court notes Kelly's tardy memorandum but, nonetheless, will consider Kelly's opposition.

[3] The Court notes that two facts are disputed in this matter (paragraphs 9 and 11 of Circle K's statement of facts), both relating to whether anything prevented Kelly from moving closer to the middle or closer to the right side of the doorway. <u>See</u> Record Document 18-1. However, these facts are not pertinent to the issues before the Court and will not affect its ruling.

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." <u>Gen. Universal Sys., Inc. v. Lee</u>, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. <u>See</u> <u>Boudreaux v. Swift Transp. Co.</u>, 402 F.3d 536, 540 (5th Cir. 2005). Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. <u>See</u> <u>Scott v. Harris</u>, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007). In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Celotex Corp.</u>, 477 U.S. at 323, 106 S.Ct. at 2553.

## II.   Analysis

### A.   Premises Liability

Kelly alleges that Circle K was negligent in "fail[ing] to use ordinary care and diligence to maintain its store in a condition which would render it unsafe for invitees or customers" and "fail[ing] to correct a situation that would prove harmful to invitees or customers of its store." Record Document 1-4 at 2. Under Louisiana law, a premises liability negligence claim is based on one of the following provisions: Louisiana Civil Code Articles 2315, 2317/2317.1, or 2322. Article 2315 states that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. C.C. Art. 2315(A). Article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for

whom we are answerable, or of the things which we have in our custody." La. Civ. Code Ann. art. 2317. More specifically, Article 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. ...

La. C.C. Art. 2317.1. Finally, Article 2322 provides that "[t]he owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. C.C. Art. 2322. Additionally, Louisiana jurisprudence requires that the ruinous building or its defective component part create an unreasonable risk of harm. See Cox v. Baker Distrib. Co., L.L.C., 51,587 (La. App. 2 Cir. 9/27/17), writ denied, 2017-1834 (La. 1/9/18), 231 So. 3d 649, citing Entrevia v. Hood, 427 So.2d 1146, 1148-49 (La. 1983).

Kelly did not specify the codal article that is the basis of her premises liability claim(s). However, present in all of the premises liability theories is the requirement that the vice/defect/ruin created an unreasonable risk of harm. Because Kelly cannot show there is a genuine issue of material fact as it pertains to this factor, her claims must fail.

Based on the above referenced legal standard, Kelly must establish that the doors had a ruin, vice, or defect that created an unreasonable risk of harm. No evidence exists to show that the area presented an unreasonable risk of harm. In her deposition, Kelly

noted there was sufficient room for her wheelchair to fit through the threshold and found nothing unusual about the doors, stating they worked as she expected them to work. See id. at 22. There was no barrier, divider, or pole between the two doors. See id. at 24. Rather, if both doors were open, a person could go straight through the middle of them. See id. On her entry, she had no problems. While she shopped in the store, she had no problems. On her exit, a patron held the doors just as he had done on her entry. The difference on her exit was that she traveled so close to the left side of the doorway that her footrest and foot got "caught" on the wall where it meets the door. Nothing about the doors caused this incident: Kelly ran her chair into the wall or side of the doorway while both doors were open.

In her statement of facts, Kelly seems to suggest the failure of Circle K to install electronic/automatic doors and/or doors that "lock open" created an unreasonable risk of harm. See Record Document 18-1 at 2. However, there is no evidence, and Kelly points to no requirement, that a merchant install such automatic doors or doors that lock open. It is uncontested that Circle K's doors did not violate any code, regulation, or other law. There is simply no evidence in this case that suggests the doors were defective in any way. For this reason, Kelly's premises liability claim is without merit and must be dismissed.

### B. Louisiana Revised Statute 9:2800.6

Kelly requests the Court to consider the duty-risk analysis[4] and La. R.S. 9:2800.6(A) in its decision. See id., citing Carney v. Eldorado Resort Casino Shreveport,

---

[4] Louisiana courts have adopted a duty-risk analysis in determining whether liability exists under the facts of a particular case. Under this analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform

48,761 (La. App. 2 Cir. 1/29/14), 132 So. 3d 546, 548 (finding Section 9:2800.6(B) inapplicable when a fall did not occur, but considered Section 9:2800.6(A) and the duty-risk analysis in its review). Louisiana Revised Statute 9:2800.6 governs a negligence action against a merchant for damages resulting from injuries sustained in a slip and fall accident. See Kennedy v. Wal-Mart Stores, Inc., 98-C-1939 (La.4/13/99), 733 So.2d 1188. Under Section 2800.6(A), a merchant owes a duty to persons who use its premises to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition. The duty includes a reasonable effort to keep the premises free of any hazardous conditions that reasonably might give rise to damages. See id. Kelly argues that Circle K, through the actions of its employee, did not make a reasonable effort to keep the premise free of any hazardous conditions which reasonably might give rise to damage. See Record Document 18 at 3. However, the Court finds Circle K had no duty to warn or assist Kelly because the alleged hazardous condition was open and obvious to all.

Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, Louisiana courts have stated the hazard should be one that is open and obvious to everyone who may potentially encounter it. See Broussard v. State ex rel. Office of State Buildings, 12–1238 (La.4/5/13), 113 So.3d 175, 184; Hutchinson v. Knights of Columbus, Council No. 5747, 5747, 03—1533 (La. 2/20/04), 866 So.2d 228, 234. Louisiana courts have consistently granted summary judgment where a condition is

his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. See Bufkin v. Felipe's Louisiana, LLC, 2014-0288 (La. 10/15/14), 171 So. 3d 851, 855, citing Christy v. McCalla, 11–0366 (La.12/6/11), 79 So.3d 293, 299.

open and obvious, finding the defendants owed no duty since the condition did not pose an unreasonable risk of harm. See Todd v. Angel, 48,687 (La. App. 2 Cir. 1/15/14), 132 So. 3d 453, writ denied, 2014-0613 (La. 5/16/14), 139 So. 3d 1027 (finding an unfinished stair landing on which plaintiff fell was an open and obvious condition); Stone v. Hebert, 99-1394 (La. App. 5 Cir. 5/17/00), 762 So. 2d 220 (exposed pipe in an attic was open and obvious); Bufkin v. Felipe's Louisiana, LLC, 2014-0288 (La. 10/15/14), 171 So. 3d 851 (pick-up sized dumpster, placed on the sidewalk, was open and obvious to everyone who may potentially encounter it); Rodriguez v. Dolgencorp, LLC, 2014-1725 (La. 11/14/14), 152 So. 3d 871, 872 (finding a "maze of shopping carts," when plaintiff saw the cart which caused her to fall, was open and obvious).

Here, the wall and doors, like the dumpster in Bufkin, were visible and obvious to all store customers.[5] Kelly entered through the same doors, without incident, by the same means as she exited. The doors at issue are standard doors routinely found in convenience stores. It is undisputed that the doors worked properly. The doors were open and there was no barrier or pole in the middle of the doorway. Although not stated clearly in her opposition, Kelly's only argument regarding the open and obvious nature of the doors is that "as she proceeded to the door, the gentleman moved to the right, causing the left door to close inward." Record Document 18 at 2. However, like the plaintiff in Rodriguez, Kelly admitted that she noticed the left door move. See Record Document 14-5 at 53. And yet she continued to move along the left side of the doorway. It is undisputed that all conditions, including the size of the doorway opening and the static wall which

---

[5] The wall, which Kelly actually ran into, was also static just like the dumpster in Bufkin.

Kelly ran her chair into, were open and obvious and unobstructed from view. It was Kelly's failure to avoid the wall that caused the incident.

The area where the incident occurred was open and obvious to all persons who entered the store. The area did not pose an unreasonable risk of harm; therefore, Circle K did not breach the duty it owed to invitees and customers of the store. Further, because the wall and doors did not pose an unreasonable risk of harm to a prudent person using reasonable care under the circumstances, Circle K had no duty to warn Kelly of the area near the exiting door.

## CONCLUSION

Based on the foregoing, the area where the incident occurred was open and obvious to all persons who entered the Circle K. The doors and wall did not pose an unreasonable risk of harm; therefore, Circle K did not breach its duty it owed to invitees and customers of its store. Further, it is undisputed that the wall and doors at issue were not defective in any way and did not create an unreasonable risk of harm. Accordingly, Circle K's "Motion for Summary Judgment" (Record Document 14) is **GRANTED** and Kelly's claims are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14th day of March, 2018.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT